FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

2014 NOV 24 A 10:21

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

MARY SAAD,

Plaintiff,

v.

NATIONWIDE CREDIT CORPORATION,

Defendant.

Civ. No: 1:14-cv-1598 (AJT/TRJ)
Jury trial requested

## COMPLAINT

### Preliminary Statement

1. Plaintiff Mary Saad sues defendant Nationwide Credit Corporation for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 *et seq*. The Defendant used false, deceptive, and misleading representations about the amount of an alleged debt when Defendant added a collection fee to the total balance without informing Plaintiff. Additionally, the Defendant engaged in unfair collection practices by attempting to add a collection fee that is not permitted by law or expressly authorized in a contract creating the debt. The Plaintiff did not sign any contract that requires the Plaintiff to pay costs of collection, and therefore the attempt to collect a collection fee is an unfair collection practice.

### Jurisdiction and Venue

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k(d).

3. Venue in this District is proper because both Plaintiff and Defendant are located in this District and all of the acts and omissions complained of herein took place in this District.

## Parties

4. Plaintiff Mary Saad is an individual who resides in Centreville, Virginia.

5. Defendant Nationwide Credit Corporation is a Virginia corporation with a principal place of business in Alexandria, Virginia.

## FACTS

6. On or about August 27-28, 2012, Plaintiff Mary Saad underwent an emergency appendectomy at INOVA Fair Oaks Hospital. Doctors from Virginia Surgery Associates, PC performed the surgery.

7. Ms. Saad does not recall signing any agreement with Virginia Surgery Associates, PC or with INOVA providing for her to pay any costs incurred by Virginia Surgery Associates in pursuing collection. Although it is INOVA's practice to keep copies of signed patient agreements, as of the date of filing this lawsuit, INOVA cannot find a copy of any agreement signed by Ms. Saad addressing collections fees; accordingly, Ms. Saad believes she never signed any such agreement.

8. Ms. Saad received bills from Virginia Surgery Associates PC for account number 194502 on September 20, 2013 and October 11, 2013. Each bill states a total balance of $2,970.00.

9. Although she would have liked to pay her medical bill, Ms. Saad, like a great many uninsured patients, was unable to do so, because she lacked the financial means.

10. INOVA ultimately entirely forgave Ms. Saad's bill for her hospitalization, pursuant to its charity care program for indigent patients. However, Virginia Surgery Associates does not follow the hospital's charity care program, and instead sent Ms. Saad's bill to a collections agency, Defendant Nationwide Credit Corporation, for collections.

11. By correspondence dated December 11, 2013, Defendant mailed Ms. Saad a dunning letter that stated a "Current Balance" and "Total Due" of $2,971.85. The letter did not state whether this balance could or would or might ever increase, by how much, when, or for what reasons.

12. The correspondence dated December 11, 2013 bears reference number 194502 and is in regards to an alleged debt owed by Ms. Saad to Virginia Surgery Associates, PC for services rendered on or about August 27-28, 2012.

13. The dunning letter dated December 11, 2013 was the Defendant's initial communication with the Ms. Saad.

14. By correspondence dated January 12, 2014, Defendant mailed Ms. Saad a dunning letter that stated a "Current Balance" and "Total Due" of $3,833.69.

15. The correspondence from Defendant dated January 12, 2014 bears reference number 194502 and is with regards to an alleged debt owed by Ms. Saad to Virginia Surgery Associates, PC for services rendered on or about August 27-28, 2012.

16. The dunning letter dated January 12, 2014 provides no explanation for the $863.69 add-on charges that Defendant was attempting to collect.

17. The Defendant falsely inflated the balance of account number 194502 by $863.69.

18. Upon information and belief, the Defendant added the additional $863.69 to account number 194502 as a "collection fee."

19. The Defendant's dunning letter dated January 12, 2014 does not distinguish between the actual balance of the debt and the add-on fees.

20. Upon information and belief, Defendant calculated the "collection fee" as a percentage of the amount claimed to be owed, to wit, 30 percent.

21. Upon information and belief, the Defendant's contract with Virginia Surgery Associates allows Defendant to receive compensation from Virginia Surgery Associates based on a percentage of the total amount the Defendant has *actually collected* on behalf of Virginia Surgery Associates. However, as of the date of filing this complaint, Ms. Saad has not made any payments to the Defendant or to Virginia Surgery Associates. Thus, upon information and belief, as of the date of filing this complaint, Virginia Surgery Associates has not yet incurred any costs of collection; or, in the alternative, if Virginia Surgery Associates has incurred any costs of collection, those costs are less than $863.69.

22. Upon information and belief, the Defendant knew on or prior to December 11, 2013 that, if Ms. Saad did not pay the balance in full by January 11, 2014, they would shortly thereafter add a 30 percent collection fee to the amount they attempted to collect. However, Defendant did not inform Ms. Saad of this fact.

23. By failing to inform the consumer in the initial communication that Defendant would shortly add on a 30 percent collection fee, a least sophisticated consumer would assume that they have no specific deadline by which to pay off the debt, to the consumer's material detriment.

24. As a result of receiving the January 12, 2014 letter from Defendant, Ms. Saad experienced emotional distress and stress because the letters caused her to believe that her debt to Virginia Surgery Associates was increasing.

**FIRST CAUSE OF ACTION**

**Fair Debt Collection Practices Act 15 U.S.C. §§ 1692e, 1692f.**

25. Plaintiff incorporates by reference the allegations in paragraphs 1-24.

26. Defendant is a "debt collector" as defined in the FDCPA, 15 U.S.C. §1692a(6), because it uses the mails in the business of regularly collecting or attempting to collect debts owed or due to another.

27. Plaintiff is obligated or allegedly obligated to pay a debt arising out of a transaction that is primarily for personal, family, or household purposes and is thus a "consumer" as defined in the FDCPA, 15 U.S.C. §1692a(3).

28. The FDCPA, 15 U.S.C. §1692e, prohibits the use of any false, deceptive, or misleading representations in connection with the collection of any debt.

29. Defendant's dunning letter dated January 12, 2014 hid the true character of the debt and diminished Plaintiff's ability to determine the validity of the debt.

30. When Defendant failed to provide a clear breakdown of the add-on charges in Plaintiff's bill, Defendant committed a false misrepresentation.

31. The collection letters thus falsely aggregate the alleged balance and add-on collection fees in order to mislead a consumer into believing that the debt totaled $3,833.69, instead of the actual alleged balance totaling $2,970.00.

32. The Defendant's failure to disclose the existence of add-on charges is a false and misleading representation of the amount of the debt in violation of 15 U.S.C. §1692e. *See, e.g.*, *Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 566 (7th Cir. 2004).

33. The FDCPA, 15 U.S.C. §1692f, prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt.

34. The Defendant's failure to disclose the existence of add-on charges is a false and misleading representation that is part of an unfair means of collecting or attempting to collect a debt. *Fields*, 383 F.3d at 566.

## SECOND CAUSE OF ACTION

### Fair Debt Collection Practices Act 15 U.S.C. § 1692f.

35. Plaintiff incorporates by reference the allegations in paragraphs 1-34.

36. The FDCPA, 15 U.S.C. §1692f(1), prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

37. The Plaintiff did not expressly agree to pay a collection fee in any agreement with Virginia Surgery Associates, PC or with INOVA Fair Oaks Hospital.

38. The collection of an add-on fee is not permitted by law. *See West v. Costen*, 558 F. Supp. 564, 582 (W.D. Va. 1983) (holding that "permitted by law" requires affirmative authorization, not merely absence of prohibition).

39. The Defendant's attempt to collect a fee that was not expressly authorized in the contract that created the debt and that is not permitted by law constitutes a violation of 15 U.S.C. §1692f(1).

## THIRD CAUSE OF ACTION (IN THE ALTERNATIVE)

### Fair Debt Collection Practices Act 15 U.S.C. § 1692g(a)(1) and 1692e.

40. Plaintiff incorporates by reference the allegations in paragraphs 1-39.

41. In the alternative, even if this Court were to determine that the Defendant's imposition of a 30 percent collection fee did not violate the FDCPA and was permissible under law, the Defendant violated 15 U.S.C. §§ 1692g(a)(1) and 1692e.

42. The FDCPA, 15 U.S.C. § 1692g(a)(1), requires the Defendant to provide written notice of the amount of the debt to the Plaintiff within five days of the Defendant's initial communication with the Plaintiff.

43. Written notice of the amount of the debt requires notice of the *total* amount of the debt including principal, interest, and fees. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872, 874-75 (7th Cir. 2000).

44. The Defendant did not give written notice of the additional collection fee within five days of the initial communication with the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(1).

45. The FDCPA, 15 U.S.C. §1692e, prohibits the use of any false, deceptive, or misleading representations in connection with the collection of any debt.

46. By failing to inform the Plaintiff in the December 11, 2013 letter of an impending 30 percent collection fee, the Defendant violated 15 U.S.C. §1692e by misleadingly representing (a) that the Plaintiff's debt would be extinguished if she paid $2,971.85, and (b) that the Plaintiff had no specific deadline by which she had to pay the amount.

47. By failing to inform a consumer of an impending 30 percent collection fee, the Defendant's letter would cause a least sophisticated consumer to believe that they have no specific deadline by which they have to pay off the principal balance, to that consumer's material detriment.

**REQUESTED RELIEF**

WHEREFORE, plaintiff Mary Saad respectfully requests the following relief:

1. Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692k(a)(2);

2. Actual damages, including emotional distress, pursuant to 15 U.S.C. §1692k(a)(1), in an amount to be determined at trial;

3. Plaintiff's costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1692k(a)(3); and

4. Such further relief as the Court deems proper.

Plaintiff requests trial by jury.

Respectfully submitted,

LEGAL AID JUSTICE CENTER

By: ______________________ Date: 11/24/2014

Simon Y. Sandoval-Moshenberg (VSB No.: 77110)
Angela A. Ciolfi (VSB No.: 65337)
6066 Leesburg Pike, Suite 520
Falls Church, Virginia 22041
Phone: (703) 778-3450 x 605
Fax: (703) 778-3454
simon@justice4all.org
*Counsel for plaintiff Mary Saad*